*In re* BRIMER

Docket No. 129631. Submitted July 16, 1991, at Detroit. Decided
    October 7, 1991, at 9:25 A.M.

    The Department of Social Services petitioned the Wayne County
    Probate Court, Juvenile Division, for an order making the
    minor daughter of Nora Bihary and Rick Brimer a temporary
    ward of the court, alleging that a boyfriend of Nora Bihary had
    sexually and physically abused the child. Following hearings, a
    referee determined that abuse had occurred, made the child a
    temporary ward of the court, and ordered that she be placed
    with the DSS for supervision in a foster home. Nora Bihary filed
    a petition for review, and the court, Frances Pitts, J., found
    that the referee had committed no error of law and had
    properly found by a preponderance of the evidence that the
    child was neglected. Nora Bihary appealed.

    The Court of Appeals *held:*

    1. The referee did not err in admitting evidence of various
    out-of-court statements made by the child implicating the boy-
    friend in acts of physical and sexual abuse committed against
    her. The conditions of MCR 5.972(C)(2) for the admission of
    evidence were met. The hearsay statements of the child de-
    scribed acts of child abuse as defined in MCL 722.622(c); MSA
    25.248(2)(c), the statements do not qualify under any other
    hearsay exceptions, the nature and circumstances surrounding
    the child's statements provide adequate indicia of trustworthi-
    ness, and there was sufficient corroborative evidence of the acts
    described by the child to justify admission of her statements.
    The probate court properly concluded that the referee commit-
    ted no clear error of law.

    2. The probate court erred in admitting testimony of a
    psychologist regarding her belief that the child was being
    truthful and that the abuse had in fact occurred. However, the
    error was harmless, given the sufficiency of the remainder of
    the evidence and the fact that the referee made her determina-

REFERENCES

Am Jur 2d, Evidence §§ 495, 496, 500; Parent and Child §§ 34, 35.
See the Index to Annotations under Abuse of Persons; Children;
    Hearsay

tion on the basis of her own interpretation of the facts and circumstances presented.

3. Sufficient evidence was presented to support the finding by a preponderance of the evidence that Nora Bihary's home was an unfit place for the child to live.

Affirmed.

1. PARENT AND CHILD — CHILD PROTECTIVE PROCEEDINGS — EVIDENCE — HEARSAY — CHILD ABUSE.

An out-of-court statement made by a child under ten years of age describing an act of child abuse performed with or on the child, not otherwise admissible under an exception to the hearsay rule, may be admitted into evidence at the trial in a child protective proceeding if the court has found, in a hearing held before trial, that the nature and circumstances surrounding the giving of the statement provide adequate indicia of trustworthiness and that there is sufficient corroborative evidence of the act (MCR 5.972[C][2]; MCL 722.622[c]; MSA 25.248[2][c]).

2. PARENT AND CHILD — EVIDENCE — HEARSAY.

Circumstances indicating the reliability of a child's hearsay statement may include spontaneity and consistent repetition, the mental state of the declarant, use of terminology unexpected of a child of a similar age, and lack of motive to fabricate.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Howard B. Grodman,* Assistant Attorney General, for the Department of Social Services.

*Jeffrey D. Pepper,* for Nora Bihary.

Before: DOCTOROFF, P.J., and MCDONALD and BRENNAN, JJ.

MCDONALD, J. Respondent appeals as of right from a May 10, 1990, probate court order making her minor daughter a temporary ward of the court. We affirm.

The Department of Social Services filed a petition with the juvenile division of the probate court in August 1988 seeking jurisdiction of respondent's three-year-old daughter. The petition alleged re-

spondent's boyfriend, who has since married respondent, both sexually and physically abused the child.

An evidentiary hearing was held before a referee of the probate court to determine the admissibility of various out-of-court statements made by the child pursuant to the recently amended tender-years exception to the hearsay rule. MCR 5.972(C)(2). Several witnesses testified regarding statements the child made about the abuse. The referee found the hearsay admissible pursuant to the amended court rule, and all the testimony presented at the evidentiary hearing was then incorporated into the trial record. Following the presentation of respondent's case, the referee made detailed findings of fact and concluded the child was physically and sexually abused while in respondent's care. Additionally, the referee found the child's legal father, who had mental problems and was in the midst of a divorce and custody battle with respondent, an unsuitable custodian.[1] The child was made a temporary ward of the court. Following a dispositional hearing, the referee found placement of the child with either parent contrary to the child's welfare and thus ordered her to be placed with the DSS for supervision in a foster home.

Thereafter, respondent filed a petition for review of the referee's decision by a judge of the probate court pursuant to MCR 5.991. At the review hearing, respondent argued that the child's hearsay statements were erroneously admitted, that a psychologist improperly testified that the child was telling the truth, and that there was insufficient evidence to support the court's assumption of jurisdiction and removal of the child from respondent's

---

[1] The legal father is not a party to this appeal.

home. The judge concluded the referee committed no errors of law and that she properly found by a preponderance of the evidence that the child was neglected pursuant to MCL 712A.2; MSA 27.3178(598.2).

Respondent appeals from the court's order making the child a temporary ward of the court, alleging the same issues raised upon review of the referee's decision and additionally claiming error in the admission of the psychologist's testimony that, in her opinion, the abuse in fact occurred.

Respondent claims error in the referee's admission of various out-of-court statements made by the child that implicated respondent's boyfriend in acts of physical and sexual abuse committed against the child. We disagree. MCR 5.972(C)(2) provides for the admission of a child's out-of-court statements about acts of child abuse in child protective proceedings if certain conditions are met.

> A statement made by a child under ten years of age describing an act of child abuse as defined in section 2(c) of the child protection law, MCL 722.622(c); MSA 25.248(2)(c), performed with or on the child, not otherwise admissible under an exception to the hearsay rule, may be admitted into evidence at the trial if the court has found, in a hearing held prior to trial, that the nature and circumstances surrounding the giving of the statement provide adequate indicia of trustworthiness, and that there is sufficient corroborative evidence of the act.

In the instant case, respondent does not challenge the fact that the allegations within the petition to make the child a temporary ward of the court assert conduct that constitutes child abuse as defined by MCL 722.622(c); MSA 25.248(2)(c). In addition, petitioner concedes the child's statements

do not qualify under any of the other exceptions to the hearsay rule. Thus, the only remaining requirements for admissibility under the rule include a finding that the nature and circumstances surrounding the child's statements provide adequate indicia of trustworthiness and that there was sufficient corroborative evidence of the acts described by the child to justify admission of her statements.

We do not believe the referee erred in finding the nature and circumstances surrounding the hearsay statements provided adequate indicia of trustworthiness. Circumstances indicating the reliability of a hearsay statement may include spontaneity and consistent repetition, the mental state of the declarant, use of terminology unexpected of a child of a similar age, and lack of motive to fabricate. Whether particular guarantees of trustworthiness are present depends on the totality of the circumstances. *Idaho v Wright,* 497 US —; 110 S Ct 3139; 111 L Ed 2d 638, 655-659 (1990).

In this case, the child's first statement about being physically and sexually abused was made spontaneously while playing with her baby-sitter's sister-in-law. After playing house, the child was asked if she wanted to play hospital. The child responded that she was no longer allowed to play hospital. Upon further questioning about what happened when she previously played hospital, the child responded that "Daddy Pat," respondent's boyfriend, played hospital with her and placed a stick across her chest and stuck things in her that made her hurt. The child identified the object that was stuck in her as being a "big, mean, ugly monster" located in the boyfriend's pelvic area. The child also stated that "Daddy Pat" was responsible for a bruise located on her lower back, that he "made a fist." Although the witness may

have been alerted to the baby-sitter's and the natural father's suspicions that the child might have been sexually abused, there was no evidence in the record that the child was coerced or unfairly led into making the accusations. Additionally, the referee had the opportunity to assess the witness' credibility when she testified. Further, there was no reason to believe the child, three years old at the time she made the statements, fabricated the story or that she had reason to do so.

Likewise, we find the remaining statements made to hospital personnel and the child's counselor sufficiently reliable. Although not all were made spontaneously, they remained consistent and were made with no apparent motive to fabricate.

We also find no error in the referee's determination that sufficient corroborative evidence was presented. Acknowledging that the majority of the evidence consisted of testimony regarding hearsay statements made by the child, these statements did not amount to the totality of the evidence presented. The child's baby-sitter testified that shortly before the child made her first statements regarding the abuse, she noticed the child continually rubbing and scratching herself in the vaginal area. Additionally, the testimony indicated the child became hysterical whenever a physician attempted to examine her. The child was also observed to have a large rectangular bruise on her lower back and four separate round bruises on her buttocks that resembled a hand print. Although this evidence alone might be insufficient to support assumption of jurisdiction of the child, we believe it sufficient to constitute corroborative evidence pursuant to MCR 5.972(C)(2).

The referee did not err in admitting the child's hearsay statements, and thus the probate judge

properly concluded the referee committed no clear error of law. MCR 5.991(D).

Respondent next claims the probate judge erred in failing to find improper the admission of portions of the testimony of the child's psychologist. In particular, respondent claims the psychologist should not have been allowed to testify that she believed the child was being truthful when making the statements regarding the abuse and that, on the basis of these statements, she believed the abuse did in fact occur.

In *People v Beckley,* 434 Mich 691; 456 NW2d 391 (1990), our Supreme Court examined the parameters of admissibility of testimony of an expert psychologist pursuant to MRE 702 when dealing with instances of alleged child sexual abuse. In so doing, the Court concluded a psychologist's opinion whether abuse in fact occurred is a legal question outside the scope of the psychologist's expertise and therefore not a proper subject of expert testimony. *Id.* at 726-729. Additionally, the Court found improper a psychologist's evaluation of a child's credibility. "Psychologists are not qualified to judge veracity." *Id.* at 737.

In the instant case, petitioner does not dispute that the psychologist testified both regarding her belief that the child was being truthful and that the abuse in fact occurred. Instead, petitioner suggests the rule set forth in *Beckley* should not be applied because *Beckley* involved a criminal trial, while the instant case involves probate proceedings. We find this distinction unpersuasive. The Court in *Beckley* interpreted the rule of evidence regarding expert testimony, MRE 702. That the rule was being applied in a criminal proceeding does not render the rule itself applicable only in criminal cases. Such a proposition clearly must be rejected given the regularity with which one

finds expert testimony presented in civil cases. Moreover, MCR 5.972(C)(1) specifically provides all rules of evidence applicable in civil cases shall apply to a trial in a child protective proceeding conducted pursuant to the rule.

Nonetheless, even though we find the testimony improperly admitted under *Beckley,* given the sufficiency of the remainder of the evidence, we find the error to be harmless. MCR 2.613(A). A review of the referee's findings indicate her determination was made on the basis of her own interpretation of the facts and circumstances presented, rather than on the basis of the psychologist's opinion regarding the ultimate fact.

Lastly, after careful review of the record, we find sufficient evidence was presented to support the finding by a preponderance of the evidence, MCR 5.972(C)(1), that respondent's home was an unfit place for the child to live. *In re Jacobs,* 433 Mich 24, 33-34; 444 NW2d 789 (1989); MCL 712A.2(b)(2); MSA 27.3178(598.2)(b)(2).

The probate court's May 10, 1990, order assuming jurisdiction and making the child a temporary ward of the court is affirmed.

Affirmed.